NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PA., Plaintiff,

v.

Wayne JETT, Defendant.

No. 86 Civ. 9226 (LLS).

United States District Court,
S.D. New York.

Jan. 8, 1988.

D'Amato & Lynch, New York City (Richard F. Russell, Stephen J. McCahey, of counsel), for plaintiff.

Jett, Clifford & Laquer, Los Angeles, Cal. (Brian Ray Hodge, of counsel), Bergadano, Zichello & Babchik, New York City (Jack Babchik, of counsel), for defendant.

## OPINION and ORDER

STANTON, District Judge.

This is one of over 350 cases presently before this Court in which plaintiff National Union Fire Insurance Company of Pittsburgh ("National Union"), an issuer of financial guarantee bonds, is suing to enforce an indemnity agreement between itself and a limited partner in one of scores of tax shelter partnerships in various parts of the country, and also to enforce its rights as subrogee of promissory notes which it honored on his behalf. National Union had guaranteed, to those who advanced funds to the partnership enterprise, that the limited partner would make all of his capital contributions represented by his promissory notes to the partnership. When, for any of a variety of reasons, the limited partner stopped making his required contributions, National Union made them on his behalf. Now it sues the limited partner for reimbursement, under an indemnity agreement he gave National Union at the time it guaranteed his payments, and as subrogee on the unpaid note.

The defendant limited partner, here Wayne Jett, moves to dismiss the complaint on the ground that National Union's claims were compulsory counterclaims that should have been raised in prior litigation between the parties in California. Fed.R.Civ.P.

13(a). Defendant's motion to dismiss is denied.

## FACTS

In December 1983, Jett purchased a limited partnership interest in SunWard Diversified Properties ("SunWard"). To purchase the limited partnership interest, Jett paid $11,000 in cash and executed a promissory note for $90,000. National Union issued a financial guaranty bond in favor of SunWard and Union Planters National Bank ("the Bank"), guaranteeing payment of his note. In return, Jett executed an indemnity agreement whereby he agreed to reimburse National Union for any payments made on his behalf.

The second and third installments on the note became due on March 15, 1985 and March 15, 1986. Jett failed to pay those installments. Upon notice from the Bank of the defaults, National Union made payments to the Bank on Jett's behalf in the total amount of $51,048.44.

On July 5, 1985, Jett commenced an action against National Union and others in the United States District Court for the Central District of California. The California action sought rescission of the note and the indemnity agreement. Prior to answering the complaint, National Union filed a motion, pursuant to Fed.R.Civ.P. 12(b)(6) and 56(b), to dismiss the action or for summary judgment. On September 30, 1986, the California court granted National Union's motion for summary judgment and, in the alternative, granted National Union's motion to dismiss. This decision is the subject of an appeal in the Ninth Circuit.

On December 2, 1986, National Union commenced this action for reimbursement pursuant to the note and the indemnity agreement.

## DISCUSSION

Jett claims that this action must be dismissed because National Union's claims were compulsory counterclaims that had to be raised in the California action. Fed.R. Civ.P. 13(a) provides

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Jett bases his argument on Note 7 of the Advisory Committee Notes on the rule, which states that "If the action proceeds to judgment without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred." Jett argues that National Union's claims were compulsory counterclaims because they arose out of the same transaction or occurrence as his claims in the California action, and they existed at the time National Union filed its motion to dismiss or for summary judgment. He argues that the decision dismissing the complaint against National Union was a judgment on the merits, and therefore, National Union's claims are now barred.

National Union argues that its claims were not compulsory counterclaims under Rule 13(a). In the alternative, it argues that its claims are not now barred because it was not required to file a pleading in the California action, and therefore did not have to assert any counterclaims in that action.

■ Assuming for purposes of this motion that National Union's claims were compulsory counterclaims in the California action, they are not now barred, for two reasons. First, Rule 13(a) requires that a compulsory counterclaim be raised in a pleading. If a motion to dismiss is filed in lieu of a responsive pleading, and the motion to dismiss is granted, Rule 13(a) will not bar the defendant from asserting his compulsory counterclaims in a later action. *United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir.1985); *Lawhorn v. Atlantic Refining Co.*, 299 F.2d 353, 356 (8th Cir. 1962). National Union never filed a pleading in the California action. Its motion to dismiss or for summary judgment was not a pleading as defined in Fed.R.Civ.P. 7.

Therefore, its claims were not required to be raised in the California action.

■ Second, Rule 13 requires that a compulsory counterclaim be raised only when it is related to the "subject matter of the opposing party's claim." Dismissal of an action is a judicial determination that the plaintiff has no claim. Therefore, compulsory counterclaims that were not raised prior to dismissal are not barred in future proceedings. *Lawhorn,* 299 F.2d 353.

As the *Lawhorn* court stated:

> Furthermore, the principle back of Rule 13(a) of concluding all related controversies in one suit must take into some account the equally valid and general proposition that a claimant should be able to choose his own forum. If one hauled into Court as a defendant has a claim but the adversary plaintiff does not, the nominal defendant ought to be allowed to name the time and place to assert it. He should not be forced into court by a would-be plaintiff and forced to assert, or lose, a claim which he may choose not to litigate at all, or which he may choose to assert at another time and place.

299 F.2d at 357 (footnote omitted).

This policy, which the *Lawhorn* court applied where the previous case was determined by a motion to dismiss, applies equally where the alternative relief sought in the motion is summary judgment. National Union was never required to file a responsive pleading in the California action. The California court determined that Jett did not have a claim against National Union. National Union never had to assert its compulsory counterclaims in the California action. Therefore, those claims are not now barred.

Accordingly, Jett's motion to dismiss the complaint is denied.

So ordered.