862 F.2d 322
 12 U.S.P.Q.2d 1222
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael J. BADALAMENTI, Plaintiff-Appellant,
v.
DUNHAM'S INC., Kinney Shoe Corp. and Hyde Athletic
Industries, Inc., Defendants-Appellees.
 No. 88-1356.
 United States Court of Appeals, Federal Circuit.
 Oct. 28, 1988.
Suggestion for Rehearing In Banc Declined May 8, 1989.
 
 Before BISSELL, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Michael J. Badalamenti (Badalamenti) appeals the judgment of the United States District Court for the Eastern District of Michigan, 680 F.Supp. 256, 6 USPQ2d 1626 (1988), holding that U.S. Patent No. 4,335,529 ('529) is invalid under 35 U.S.C. Sec. 103 (1982 & Supp. IV 1986). Badalamenti also appeals from the district court's Memorandum Opinion Taking Under Advisement Defendants' Petition for an Award of Attorney Fees and Costs. We affirm the judgment and dismiss the appeal from the Memorandum Opinion for lack of jurisdiction.
 
 OPINION
 
 2
 The district court directed a verdict after the close of Badalamenti's case-in-chief that the '529 patent would have been obvious under 35 U.S.C. Sec. 103. Badalamenti argues that a patentee has a statutory presumption of validity and that it was therefore improper to direct a verdict without hearing the defendants' evidence on the invalidity issue and Badalamenti's rebuttal evidence. This argument is unpersuasive because during Badalamenti's case-in-chief on infringement he offered into evidence the prior art (the Bowerman patent or the Nike shoes, and the Lotus, Cisko, and Lyne patents). The district court relied upon this evidence in its obviousness determination and found that it was enough to overcome the presumption of validity and to hold the '529 patent invalid for obviousness. Under these circumstances it was not improper for the district court to direct the verdict without further evidence.[1]
 
 
 3
 Badalamenti further argues that the district court erred in holding that the claimed invention of the '529 patent would have been obvious. However, we conclude the district court correctly analyzed the prior art and properly held the '529 patent invalid. Therefore we affirm the district court's opinion in this regard.
 
 
 4
 Badalamenti also appeals the determination by the district court in its Memorandum Opinion "that costs and attorney fee sanctions against plaintiff and plaintiff's counsel, pursuant to Rule 37(d), should be imposed." 6 USPQ2d 1633, 1635, 118 F.R.D. 337, 440 (1987). However, the district court held that "Defendants' effort to secure all costs and attorney fees incurred following plaintiff's failure to disclose the Nike talks is premature.... Accordingly, Defendants' Petition for an Award of Attorney Fees and Costs is TAKEN UNDER ADVISEMENT until after the jury verdict in this cause." A final judgment with respect to attorney fees has not been rendered. Accordingly, this court does not have jurisdiction to hear this portion of the appeal, see 28 U.S.C. Sec. 1295(a) (1982 & Supp. IV 1986), and it is dismissed.
 
 
 
 [1]
 Badalamenti's argument that this evidence was only introduced for the purposes of claim construction is flawed. Even though the evidence is introduced for the purposes of claim construction in determining infringement, if it is prior art the district court may consider it for invalidity purposes